## L & M DUPONT, INC., etc v OLD REPUBLIC INSURANCE COMPANY

### Case No. 88-11428 CS

Seventeenth Judicial Circuit, Broward County

February 23, 1989

**APPEARANCES OF COUNSEL**

**Richard S. Zaifert,** Jones & Zaifert, for appellant.

**Diane R. McGinness,** for appellee.

### OPINION OF THE COURT

PAUL M. MARKO, III, Circuit Judge.

THIS CAUSE came before the court as an appeal of Final Judgment dated March 31, 1988 in the County Court in and for Broward County, Florida, case number 87-10941 SP.

The Plaintiff/Appellant, L & M DUPONT, INC., d/b/a BUGS EXTERMINATORS, was insured by the Defendant/Appellee, OLD REPUBLIC INSURANCE COMPANY. L & M DUPONT was sued

for damages by Ray and Sandra Toledo in case number 87-357 SPW in the County Court in and for Broward County, Florida. The defense of that claim was tendered to OLD REPUBLIC INSURANCE COMPANY but they declined to provide a defense stating that no coverage was available to L & M DUPONT by virtue of an exclusion in the policy as follows:

> "This policy does not provide coverage for damages resulting from a delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or the failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured."

L & M DUPONT then was forced to hire the Law Firm of Jones and Zaifert to represent it in the action filed by the Toledos and the defense was successful. As a result L & M DUPONT was charged the sum of $1,800.00.

The appellant then sued OLD REPUBLIC in County Court claiming breach of contract for failure to provide a defense and/or indemnity to the suit filed by the Toledos. Trial was held before Judge Zebedee Wright and several months later, on March 31, 1988, he entered a Final Judgment on behalf of OLD REPUBLIC INSURANCE COMPANY.

After reviewing the briefs submitted by both parties as well as hearing final argument this court feels that the trial court erred in entering judgment for the Defendant/Appellee, OLD REPUBLIC INSURANCE COMPANY, and that judgment should have been entered in favor of L & M DUPONT for the relief sought. Specifically, the Defendant/Appellee went outside the four corners of the statement of claim and the statement of claim filed by the Toledos was ambiguous and thus must be construed most favorably to the insured in order to establish the duty to defend. *Baron Oil Company v Nationwide Mutual Fire Insurance Company,* 477 So.2d 810 (Fla. 1st DCA 1985). Furthermore, the exclusion itself was ambiguous and again must be construed in favor of the insured and strictly against the insurer in order to protect the buying public. *Hartnett v Southern Insurance Company,* 481 So.2d 524 (Fla. 1965).

Accordingly this court holds that the trial court erred in entering Final Judgment on March 31, 1988 and that judgment is hereby reversed and judgment is entered on behalf of the Plaintiff/Appellant, L & M DUPONT, INC. d/b/a BUGS EXTERMINATORS, and

144

against OLD REPUBLIC INSURANCE COMPANY in the amount of $1,800.00 for which let execution issue. This court retains jurisdiction to award prejudgment interest, costs and attorney's fees and any other relief it deems proper.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of February, 1989.